UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STEPHEN COTTON, ) | |
| ) | Case No. |
| Plaintiff, ) | |
| ) | Judge |
| v. ) | |
| ) | Magistrate Judge |
| P.O. R.D. ADAMS #11786, ) | |
| P.O. D.D. LAMON #11171, P.O. ) | |
| DEWITT, #11874, P.O. VENGAS #11915, ) | |
| P.O. HELMOLD #14321, P.O. ERIC ) | |
| RASHAN #1083, P.O. KEITH STOYAK, ) | |
| P.O. DENNIS GOKOGLY #7076, ) | |
| Individually and the CITY OF CHICAGO ) | JURY DEMAND |
| ) | |
| Defendants. ) | |

**COMPLAINT AT LAW**

NOW COMES the Plaintiff, STEPHEN COTTON, by and through his attorneys Gregory E. Kulis & Associates, Ltd., complaining against the Defendant, P.O. R.D. ADAMS #11786, P.O. D.D. LAMON #11171, P.O. DEWITT #11874, P.O. VENGAS #11915, P.O. HELMOLD #14321, P.O. ERIC RASHAN #1083, P.O. KEITH STOYAK, P.O. DENNIS GOKOGLY #7076, individually, and the CITY OF CHICAGO as follows:

**COUNT I – EXCESSIVE FORCE**

1. This action is brought pursuant to the Laws of the United States Constitution, specifically, 42 U.S.C. §1983 and §1988, and the laws of the State of Illinois, to redress deprivations of the Civil Rights of the Plaintiff, STEPHEN COTTON, accomplished by acts and/or omissions of the Defendants, P.O. R.D. ADAMS #11786, P.O. D.D. LAMON #11171, P.O. DEWITT #11874, P.O. VENGAS #11915, P.O. HELMOLD #14321, P.O. ERIC RASHAN #1083, P.O. KEITH STOYAK, P.O. DENNIS GOKOGLY #7076, individually, and the CITY OF CHICAGO, committed under color of law.

2. Jurisdiction is based on Title 28 U.S.C. §1343 and §1331 and supplemental jurisdiction of the State of Illinois.

3. The Plaintiff, STEPHEN COTTON, was at all relevant times, a United States citizen and a resident of the State of Illinois.

4. At all relevant times, the Defendants P.O. R.D. ADAMS #11786, P.O. D.D. LAMON #11171, P.O. DEWITT #11874, P.O. VENGAS #11915, P.O. HELMOLD #14321, P.O. ERIC RASHAN #1083, P.O. KEITH STOYAK, P.O. DENNIS GOKOGLY #7076, were duly appointed Chicago Police Officers acting within their scope of employment and under color of law.

5. On or about June 21, 2015, the Plaintiff was taken into custody by a Marlon Pearson who claimed the Plaintiff trespassed onto his property.

6. Marlon Pearson took the Plaintiff into custody.

7. The Defendants took the Plaintiff into custody and transported him to the police station.

8. At the police station, the Plaintiff was handcuffed to a wall.

9. One or more of the Defendants had words with the Plaintiff.

10. One or more of the Defendants without just cause or provocation struck the Plaintiff.

11. The use of force was unnecessary and unreasonable.

12. The use of force was excessive.

13. The force used was unprovoked.

14. At all relevant times, Defendants were acting pursuant to the customs and policies of the Chicago Police Department.

15. The actions of the Defendants were intentional, willful and with malice.

16. As a result of the Defendants' actions the Plaintiff, STEPHEN COTTON was injured.

17. Said action of Defendants violated the Plaintiff's Fourth and Fourteenth Amendment Rights of the United States Constitution and were in violation of said rights protected by 42 U.S.C. §1983.

18. As a direct and proximate consequence of said conduct of the Defendants, the Plaintiff, STEPHEN COTTON, suffered violations of his constitutional rights, emotional anxiety, fear, humiliation, monetary loss, pain and suffering and future pain and suffering.

WHEREFORE, the Plaintiff, STEPHEN COTTON, prays for judgment in his favor and against Defendants, P.O. R.D. ADAMS #11786, P.O. D.D. LAMON #11171, P.O. DEWITT #11874, P.O. VENGAS #11915, P.O. HELMOLD #14321, P.O. ERIC RASHAN #1083, P.O. KEITH STOYAK, P.O. DENNIS GOKOGLY #7076, for a reasonable amount in compensatory damages, punitive damages, plus attorneys' fees and costs.

## COUNT II—FAILURE TO INTERVENE

1-18. The Plaintiff, STEPHEN COTTON hereby re-alleges and incorporates his allegations of paragraphs 1-18 of Count I as his respective allegations of paragraphs 1-18 of Count II as though fully set forth herein.

19. The remaining Defendants were nearby, witnessed the use of excessive force against the Plaintiff, STEPHEN COTTON and although they had an opportunity to intervene, failed to do so.

20. The actions of the Defendants constituted a violation of the Fourth and Fourteenth Amendment rights of the Plaintiff, STEPHEN COTTON as protected by 42 U.S.C. §1983.

21. As a result of the actions of the Defendants, the Plaintiff, STEPHEN COTTON, suffered fear, anxiety, pain, suffering, emotional distress, and monetary expenses.

WHEREFORE, the Plaintiff, STEPHEN COTTON prays for judgment in his favor and against Defendants P.O. R.D. ADAMS #11786, P.O. D.D. LAMON #11171, P.O. DEWITT

#11874, P.O. VENGAS #11915, P.O. HELMOLD #14321, P.O. ERIC RASHAN #1083, P.O. KEITH STOYAK, P.O. DENNIS GOKOGLY #7076 in an amount of fair and reasonable compensatory damages, punitive damages, plus attorneys' fees and costs.

## COUNT III – MALICIOUS PROSECUTION

1-12. The Plaintiff re-alleges and incorporates his allegations of paragraphs 3-14 of Count I as his respective allegations of paragraphs 1-12 of Count III as though fully set forth herein.

14. To cover up the use of unreasonable and excessive force from the Defendants, they conspired and charged the Plaintiff with resisting arrest and aggravated assault.

15. There was no probably cause to charge the Plaintiff with these crimes.

16. One or more of the Defendants charged the Plaintiff and proceeded knowing the charges were false.

17. The Plaintiff needed to retain counsel.

18. The Plaintiff went to trial and was found not guilty.

19. The actions of proceeding with these charges was malicious.

20. As a direct and proximate consequence of said conduct of Defendants, the Plaintiff, STEPHEN COTTON, suffered violations of his constitutional rights, emotional anxiety, fear, humiliation, monetary loss, pain and suffering and future pain and suffering.

WHEREFORE, the Plaintiff, STEPHEN COTTON, prays for judgment in his favor and against Defendants .O. R.D. ADAMS #11786, P.O. D.D. LAMON #11171, P.O. DEWITT #11874, P.O. VENGAS #11915, P.O. HELMOLD #14321, P.O. ERIC RASHAN #1083, P.O. KEITH STOYAK, P.O. DENNIS GOKOGLY #7076, for a reasonable amount in compensatory damages, punitive damages, and costs.

4

## COUNT IV – CITY OF CHICAGO/INDEMNIFICATION

1-30.   Plaintiff, STEPHEN COTTON, hereby re-alleges and incorporates the allegations of all paragraphs of Counts I-III as though fully set forth herein.

31.   Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

32.   All the Defendants are employees of the City of Chicago Police Department who acted within the scope of their employment in committing the misconduct described herein.

WHEREFORE, should Defendants, .O. R.D. ADAMS #11786, P.O. D.D. LAMON #11171, P.O. DEWITT #11874, P.O. VENGAS #11915, P.O. HELMOLD #14321, P.O. ERIC RASHAN #1083, P.O. KEITH STOYAK, P.O. DENNIS GOKOGLY #7076, be found liable for the acts alleged above, Defendant CITY OF CHICAGO would be liable to pay the Plaintiff any judgment obtained against the Defendants.

## JURY DEMAND

The Plaintiff, STEPHEN COTTON hereby requests a trial by jury.

Respectfully submitted

/s/ Gregory E. Kulis
Gregory E. Kulis

Gregory E. Kulis & Associates, Ltd.
30 North LaSalle Street, Suite 2140
Chicago, Illinois 60602
(312) 580-1830