**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| STEPHEN COTTON, | ) | |
| | ) | Case No. 16 CV 04565 |
| Plaintiff, | ) | |
| | ) | JUDGE ST. EVE |
| vs. | ) | |
| | ) | Magistrate Judge Valdez |
| P.O. R.D. ADAMS 311786, P.O. D.D. LAMON | ) | |
| #11171, P.O. DEWITT, #11874, P.O. VENGAS | ) | |
| 11915, P.O. HELMOLD #14321, P.O. ERIC | ) | |
| RASHAN #1083, P.O. KEITH STOYAK, P.O. | ) | |
| DENNIS GOKOGLY #7076, Individually and the | ) | |
| CITY OF CHICAGO, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' MOTION TO ENFORCE SETTLEMENT AGREEMENT

Defendants P.O. R.D. Adams #11786, P.O. D.D. Lamon #11171, P.O. Dewitt #11874, P.O.

Vengas #11915, P.O. Helmold #14321, P.O. Eric Rashan #1083, P.O. Keith Stoyak, P.O. Dennis

Gokogly #7076, and City of Chicago (collectively "Defendants") by and through one of their

attorneys of record, Kathryn Kohls, Assistant Corporation Counsel of the City of Chicago,

respectfully requests this Honorable Court to enforce the settlement agreement reached by the

parties on December 29, 2011. In support of this motion the defendants state as follows:

1.      On April 22, 2016, Plaintiff initiated this lawsuit and named as defendants P.O. R.D.

Adams #11786, P.O. D.D. Lamon #11171, P.O. Dewitt #11874, P.O. Vengas #11915, P.O.

Helmold #14321, P.O. Eric Rashan #1083, P.O. Keith Stoyak, P.O. Dennis Gokogly #7076, and

City of Chicago. The complaint alleged various violations of Plaintiff's federal civil rights:

excessive force, failure to intervene, malicious prosecution and indemnification against the City

of Chicago.

2.      During the discovery process and after completing some depositions, the Plaintiff and Defendants entered into settlement negotiations.

3.      On December 8, 2016, Defendants tendered an offer of thirty thousand dollars inclusive of attorneys' fees and costs to Mr. Kulis**.**  In exchange for the thirty thousand dollars, Plaintiff would dismiss the case with prejudice against the remaining parties.  On December 13, 2016, the Attorney Caroline Fronczak was advised by Mr. Kulis that he had spoken with his client and that he had accepted Defendants offer to settle for thirty thousand dollars inclusive of attorneys' fees and costs.

4.      Pursuant to the December 13, 2016, agreement, Defendants prepared settlement documents and sent them to Plaintiff's counsel.  A status hearing was held on January 12, 2017. At the hearing, this Court ordered Plaintiff and Latonya Walker to appear on January 26, 2017, at 10:00 AM in Courtroom 1041.   On January 13, 2017, Attorney Kulis communicated to Attorney Fronczak that he lost contact with his client and as such, is unable to get his client to sign the settlement paperwork.

5.      The settlement agreement reached on December 13, 2016, was complete, valid and enforceable even though it had not yet been reduced to final written form. There was clearly an offer and acceptance and a meeting of the minds as to all substantial terms of the agreement; the compromise was fair to both sides; and it was voluntarily agreed and entered into by both sides. Under such circumstances, neither party can repudiate the agreement, and this Court possesses the inherent or equitable power to enforce summarily the agreement. *See e.g. Wilson v. Wilson,* 46 F.3d 660 (7th Cir.) 1995); *Hyde Park Union Church v. Curry,* 942 F. Supp. 360 (N.D.Ill, 1996).

6.       "A motion to enforce a settlement agreement is essentially the same as a motion to

enforce a contract**."** *Zendejas v. Reel Cleaning Services, Inc.,* No. 05 C 6933, 2009 WL 2431299, at *8 (N.D.Ill. Aug 6, 2009). Under both Federal and Illinois law, an oral settlement agreement is enforceable provided that the terms of the agreement are reasonably certain. *See Taylor v. Gordon Flesch Co.,* 793 F.2d 858, 862 (7th Cir. 1986)("[U]nder federal law, oral settlement agreements are enforceable"); *Pritchett v. Asbestos Claims Mgmt. Corp.,* 773 N.E.2d 1277, 1282 (Ill.App.Ct. 2002) (enforcing an oral settlement agreement under Illinois law and ruling that "ambiguity will prevent the enforcement of a contract *only where the ambiguity affects the material terms of the contract."(emphasis added)).*

7.      For an enforceable oral settlement agreement, all that is required is that the material terms of the agreement are "reasonably certain and reasonably ascertainable from the acts and the words of the parties." *Taylor,* 793 F.2d at 862.

8.      In this case, the material terms of the agreement, that Plaintiff receive thirty thousand dollars and in exchange he dismisses his case with prejudice, are clearly reasonably certain and reasonably ascertainable and thus this agreement is clearly enforceable. If Plaintiff asserts he has simply changed his mind; this does not make the agreement now unenforceable.   *See Glass v. Rock Island Refining Corp.,* 788 F.2d 450, 454-55 (7th Cir. 1997) ("A party to a settlement cannot avoid the agreement merely because he subsequently believes that settlement insufficient... a party who previously authorized a settlement 'remains bound by the terms of the agreement' and cannot simply 'change his mind'") (citations omitted); *see also Alex v. Amtrak,* No. 04 C 4475, 2005 WL 1660622, at *2 (N.D.Ill June 10, 2005) ("Parties to a settlement agreement, otherwise enforceable, cannot avoid the agreement merely because on of them has second thoughts...").

**WHEREFORE**, Defendants P.O. R.D. Adams #11786, P.O. D.D. Lamon #11171, P.O. Dewitt #11874, P.O. Vengas #11915, P.O. Helmold #14321, P.O. Eric Rashan #1083, P.O. Keith Stoyak, P.O. Dennis Gokogly #7076, and City of Chicago respectfully move this Honorable Court to enforce the settlement agreement reached by the parties on December 13, 2016.

Respectfully submitted,

/s/ Kathryn Kohls
Kathryn Kohls
Assistant Corporation Counsel
30 North LaSalle Street
Suite 900
Chicago, Illinois  60602
(312) 744-2837 Office
(312) 744-6566 Fax
Attorney No.  6306355

DATED:  January 13, 2017

<u>**NOTICE OF FILING AND CERTIFICATE OF SERVICE**</u>


TO:    Gregory E. Kulis
        Brian Orozco
        GREGORY E. KULIS & ASSOCIATES, LTD.
        30 North LaSalle Street - Suite 2140
        Chicago, Illinois 60602
        (312) 580-1830


      **PLEASE TAKE NOTICE** that on this <u>13th </u>day of January 2017, I have caused to be e-filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division **MOTION TO ENFORCE SETTLEMENT AGREEMENT**, a copy of which is herewith served upon you.

      I hereby certify that I have served this notice and the attached document by causing it to be delivered by electronic means via the Court's ECF system to the person named above at the address shown this <u>13TH </u>day of January 2017.


                    */s/ Kathryn Kohls*
                    Kathryn Kohls
                    Assistant Corporation Counsel