**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| STEPHEN COTTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 16 C 4565 |
| v. | ) | |
| | ) | Judge Amy J. St. Eve |
| R.D. ADAMS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

The Court adopts Magistrate Judge Valdez's February 23, 2017 Report and Recommendation as it relates to Defendants' motion to enforce the settlement agreement. [57]. The Court grants Defendants' motion to enforce the settlement agreement, and thus the parties' December 2016 settlement agreement is binding. Because the Magistrate Judge construed third-party Latonia Walker's February 13, 2017 motion as a response to Defendants' motion to enforce the settlement agreement, the Court denies Walker's motion as moot. [51]. Due to the enforceable settlement agreement in this matter, this case is hereby dismissed, without prejudice, with leave to reinstate by May 12, 2017 to enforce the settlement. After May 12, 2017, said dismissal will convert to a dismissal with prejudice. Status hearing remains set for March 21, 2017 at 8:30 a.m. Plaintiff is directed to appear on March 21, 2017 so his signature can be obtained on the settlement agreement. If plaintiff's signature is obtained prior to March 21, 2017, the status hearing will be stricken.

## STANDARD OF REVIEW

"When a magistrate judge prepares a report and recommendation for a district court, the governing statute provides that the district court 'shall make a de novo determination' with respect to any contested matter." *Kanter v. C.I.R,* 590 F.3d 410, 416 (7th Cir. 2009) (citing 28 U.S.C. § 636(b)(1)(C)). As the Seventh Circuit explains:

> De novo review requires the district judge to decide the case based on an independent review of the evidence and arguments without giving any presumptive weight to the magistrate judge's conclusion. The district judge is free, and encouraged, to consider all of the available information about the case when making this independent decision. A district judge may be persuaded by the reasoning of a magistrate judge or a special master while still engaging in an independent decision-making process.

*Mendez v. Republic Bank,* 725 F.3d 651, 661 (7th Cir. 2013). On the other hand, "[i]f no specific objection is made, or only a partial objection, the district court reviews the uncontested portions

for clear error." *Saban v. Caremark Rx, L.L.C.,* 780 F. Supp. 2d 700, 704 (N.D. Ill. 2011). "The magistrate judge's recommendation on a dispositive matter is not a final order, and the district judge makes the ultimate decision to adopt, reject, or modify it." *Schur v. L.A. Weight Loss Ctrs., Inc.,* 577 F.3d 752, 760 (7th Cir. 2009); *see also* Federal Rule of Civil Procedure 72(b).

## BACKGROUND

Before the Court is third-party Latonia Walker's pro se objections to Magistrate Judge Valdez's Report and Recommendation that the Court construes liberally, along with Walker's other filings in this lawsuit. *See Parker v. Four Seasons Hotels, Ltd.,* 845 F.3d 807, 811 (7th Cir. 2017). On February 23, 2017, Judge Valdez recommended that the Court grant Defendants' motion to enforce the parties' settlement agreement. Before examining Walker's objections to the Report and Recommendation, the Court gives a brief background of this lawsuit.

On April 22, 2016, Plaintiff Stephen Cotton, by counsel, filed a Fourth Amendment excessive force claim and state law malicious prosecution claim against certain Chicago Police Officers and the City of Chicago. On December 7, 2016, the Court referred this matter to Magistrate Judge Valdez for purposes of holding a settlement conference. On December 8, 2016, Defendants tendered their settlement offer to Plaintiff's attorney Gregory Kulis. The material terms of the settlement are that in exchange for $30,000, Plaintiff would dismiss his lawsuit in its entirety with prejudice. Thereafter, on December 13, 2016, Mr. Kulis informed counsel for the City of Chicago that he had spoken with his client and that Plaintiff accepted Defendants' offer to settle. Also on December 13, Plaintiff's counsel advised Judge Valdez that the parties had reached a settlement agreement in principle, at which time Judge Valdez set a status hearing for January 12, 2017.

At the January 12, 2017 status hearing, Plaintiff's counsel informed the Magistrate Judge that he had yet to obtain Plaintiff's signature on the settlement documents because he could not reach his client. In addition, Defendants' counsel did not appear at the January 12 status hearing, but instead filed a motion to enforce the settlement agreement on January 13. Judge Valdez then held a motion hearing on January 26, at which time Plaintiff's mother, Latonia Walker, appeared pro se as a third-party. At that time, Walker disputed the settlement agreement asserting that her 19-year-old son, Plaintiff Stephen Cotton, was disabled and had an Individualized Education Program ("IEP"). Judge Valdez heard the parties' arguments and directed Walker to file a response to Defendants' motion to enforce the settlement agreement, which Walker did not do in a timely fashion. Nonetheless, once Walker filed her response on February 13, Judge Valdez considered the response and recommended that the Court grant Defendants' motion to enforce the settlement.

## ANALYSIS

In her Report and Recommendation, Judge Valdez first addressed Walker's arguments that the settlement was not enforceable based on her right to due process under the Fourteenth Amendment and Sixth Amendment right to effective assistance of counsel concluding that

2

because Walker was not a party to the lawsuit, she did not have standing to raise either theory. *See Lardas v. Grcic,* 847 F.3d 561, 566 (7th Cir. 2017). The Court agrees and also notes that "there is no Sixth Amendment right to effective assistance of counsel in a civil case." *Stanciel v. Gramley,* 267 F.3d 575, 581 (7th Cir. 2001); *see also Romanelli v. Suliene,* 615 F.3d 847, 851 (7th Cir. 2010) ("There is no constitutional or statutory right to counsel in federal civil cases.").

Walker next argues that the settlement was unenforceable because it was unsigned. Turning to Illinois contract law, settlement agreements are enforced like any other contract. *See In re Illinois Bell Tele. Link-Up II*, 994 N.E.2d 553, 558, 373 Ill. Dec. 784 (1st Dist. 2013) (settlement "agreements are construed and enforced under principles of contract law"). "Like any other contract, the essential terms of the settlement agreement must be definite and certain for it to be enforceable." *City of Chicago v. Ramirez,* 366 Ill.App.3d 935, 946, 852 N.E.2d 312, 324, 304 Ill.Dec. 62, 74 (1st Dist. 2006). Thus, "[f]or an oral contract to be valid and enforceable, its terms must be definite and consistent." *Downs v. Rosenthal Collins Group, L.L.C.,* 963 N.E.2d 282, 297, 357 Ill.Dec. 329, 344 (1st Dist. 2011); *see also Kim v. Alvey,* Inc., 322 Ill. App. 3d 657, 669, 255 Ill.Dec. 267, 749 N.E.2d 368 (3d Dist. 2001) ("Illinois encourages the settlement of claims and, to that end, settlement agreements may be oral.").

In her Report and Recommendation, Judge Valdez highlighted the simplicity of the parties' settlement agreement to underscore the definite and consistent material terms of the oral agreement, namely, Plaintiff will dismiss this lawsuit with prejudice in exchange for $30,000. Indeed, under the circumstances of this case, the material terms of the December 2016 agreement are definite and consistent as required under Illinois law. *See Downs,* 963 N.E.2d at 297; *see also Condon & Cook, L.L.C. v. Mavrakis,* 69 N.E.3d 274, 284 (1st Dist. 2016). Walker nonetheless takes issue with the dismissal of the lawsuit as a term of the settlement agreement because the individual defendant officers get "to walk away without accepting any responsibility for their actions." (R. 59, Objections, at 2.) As Judge Valdez explained to Walker at the January 26, 2017 motion hearing, "when there is a settlement agreement [p]art of the agreement will be a dismissal of the case because that's what you are buying, and it's a dismissal with prejudice. That's what you get for [the] money. So, that's normal, standard, nothing unusual, nothing strange about that." (R. 47, 1/26/17 Hr'g Tr., at 8.) In any event, the dismissal of the lawsuit was a bargain-for material term of the settlement agreement and it is well-established that "a party to a settlement cannot avoid the agreement merely because he subsequently believes the settlement insufficient." *Glass v. Rock Island Ref. Corp.,* 788 F.2d 450, 454 (7th Cir. 1986).

The Court now turns to Walker's argument that Plaintiff lacked the capacity to contract at the time he assented to the December 2016 settlement agreement because Plaintiff was disabled. Under Illinois law, the "[c]apacity to contract requires that a party must be of 'sufficient mental ability to appreciate the effect of what he is doing' and 'be able to exercise his will with reference thereto.'" *People v. Kinion,* 105 Ill. App. 2d 1069, 1072, 61 Ill.Dec. 836, 435 N.E.2d 533 (3d Dist. 1982) (citation omitted); *see also In re Lewis-Pride,* 330 B.R. 660, 662 (Bankr. N.D. Ill. 2005) ("Under Illinois contract law, a contract is not binding if one of the parties, at the time of the agreement, was incapable of understanding the nature of the transaction upon which he was about to embark, thereby rendering assent to the terms of the contract impossible.").

3

Reviewing the documents Walker has provided the Court, along with her arguments made in open court and in her pro se filings, Walker has failed to show that Plaintiff did not have the sufficient mental ability to understand the nature of the settlement contract. *See In re Estate of Gruske,* 179 Ill. App. 3d 675, 678, 128 Ill.Dec. 510, 534 N.E.2d 692 (3d Dist. 1989) ("The burden of proving mental incompetence is on the party seeking to set aside a transaction."). To clarify, although Walker attaches a document concerning Plaintiff's eligibility for Supplemental Security Income Payments, it does not mention Plaintiff's mental ability or capacity, but merely states that Plaintiff's disability began on May 1, 2000. (R. 51, July 22, 2015 Stmt.) Moreover, despite the fact that Plaintiff was a minor at the time of the underlying incident in this lawsuit, it is undisputed that he was of the age of majority at the time he entered into the December 2016 settlement agreement. *See* 755 ILCS 5/11-1 (In Illinois, a "minor is a person who has not attained the age of 18 years"). Meanwhile, Walker has failed to present any evidence that she is her son's "durable power of attorney" as she asserted at the January 26, 2017 motion hearing. As such, Plaintiff had sufficient mental capacity to enter into the settlement agreement with Defendants.

Last, Walker states that she does not want the Court to enforce the settlement agreement because she wants to "come to a better settlement due to my son being disabled and covered under the Disability Act ("ADA") at the time of the incident." (R. 51, 2/13/17 Resp., at 1.) Simply put, that Walker now believes that her son's case is worth more than $30,000 is not a sufficient basis to disregard the parties' December 2016 settlement agreement. *See Brown v. City of Aurora,* 955 F. Supp. 1023, 1025 (N.D. Ill. 1997); *see also Alex v. Amtrak,* No. 04 C 4475, 2005 WL 1660622, at *2 (N.D. Ill. June 10, 2005) ("Parties to a settlement agreement, otherwise enforceable, cannot avoid the agreement merely because one of them has second thoughts.").

For these reasons, the Court adopts Magistrate Judge Valdez's February 23, 2017 Report and Recommendation and grants Defendants' motion to enforce the December 2016 settlement agreement.

**Dated:** March 14, 2017

_____
**AMY J. ST. EVE**
**United States District Court Judge**